UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12702-GAO

KIMBERLY LEWIS,
Plaintiff,

v.

COLLECTIVE BRANDS, INC. and
PAYLESS SHOESOURCE, INC.,
Defendants.

OPINION AND ORDER
September 29, 2014

O'TOOLE, D.J.

## I. Background

Plaintiff Kimberly Lewis, purportedly on behalf of herself and a proposed class, asserts that Payless Shoesource, Inc.'s ("Payless") policy of requesting and recording customer zip codes concurrent with credit card purchases for the purpose of mailing customers unsolicited marketing materials violates Massachusetts General Laws Chapter 93, Section 105(a). That statute prohibits a business from requesting personal identification information that is not required by the credit card issuer and recording it on a credit card transaction form. Although Section 105(a) does itself create a cause of action, a violation is potentially actionable under the general consumer protection statute, Mass. Gen. Laws ch. 93A, §§ 2 and 9. Lewis's three-count complaint includes a claim under Chapter 93A, as well as claims for unjust enrichment and declaratory judgment.

Another plaintiff, Erin Alberts, filed a similar complaint against Payless, asserting a single count under Chapter 93A. Alberts v. Payless Shoesource, Inc., 13-cv-12262-GAO. By a separate order entered today, this Court has dismissed the Alberts action.

Payless has moved to dismiss Lewis's complaint.

## II. Discussion

### A. Chapter 93A, Section 9(3) Demand Letter

Mass. Gen. Laws ch. 93A, § 9(3) requires that:

> At least thirty days prior to the filing of the action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.

M.G.L. ch. 93A, § 9(3). The demand letter is a prerequisite to suit. Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975).

Lewis acknowledges that she did not send Payless a Chapter 93A demand letter before commencing this suit. (Compl. ¶ 35 (dkt. no. 1).) Her contention is that it was unnecessary because she is likely a member of a class to be certified in the Alberts suit. It is true that, in a class action, class members may join as plaintiffs without filing their own demand letters, but only after a named plaintiff has filed an initial demand letter that satisfies the statutory prerequisite. Baldassari v. Public Finance Trust, 337 N.E.2d 701, 707 (Mass. 1975); see also Richards v. Arteva Specialties S.A.R.L., 850 N.E.2d 1068, 1075 (Mass. App. Ct. 2006). The Baldassari principle for class members does not excuse Lewis from complying with the demand letter prerequisite when she files her own separate action as a named plaintiff.

Even if Lewis could rely on the demand letter in Alberts, this Court already determined that the Alberts letter was insufficient. Since Lewis has failed to comply with the demand letter requirement, her separate claim under Chapter 93A must be dismissed.

B.  Unjust Enrichment

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual allegations to raise a right to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint consisting of mere conclusory allegations, devoid of factual support, is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). An unjust enrichment claim requires that: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant was aware that the benefit was conferred; and (3) the defendant's retention of the benefit without compensation would be inequitable. Stevens v. Thacker, 550 F. Supp. 2d 161, 165 (D. Mass. 2008).

Lewis first alleges that Payless is unjustly enriched because it "may . . . sell for profit its customers' identities." (Compl. ¶ 14 (dkt. no. 1).) Additionally, Lewis asserts that Payless retains an economic benefit simply by procuring and storing Lewis' personal identification information without providing her compensation in return.

Lewis fails to present factual allegations to support a reasonable inference that Payless sold her zip code. Rather, she simply speculates that Payless "may" sell customer information. (Id.) While Payless has acknowledged that it employs other companies to perform services using the information procured from its customers, Lewis does not allege that this information is sold to such companies. In other words, what is lacking is an allegation of "enrichment."

Lewis's other argument is that the ability to use such personal information has conferred a benefit upon Payless. However, this is not a benefit for which a reasonable person would expect compensation. See Tyler v. Michaels Stores, Inc., 840 F. Supp. 2d 438, 451 (D. Mass. 2012) (stating that to obtain recovery for unjust enrichment, the plaintiff must have a reasonable expectation of compensation for the benefit conferred).

3

### C. Declaratory Relief

The plaintiff is not entitled to declaratory relief, as she has failed to plead sufficient facts to maintain her other claims. See id. at 452 ("The Declaratory Judgment Act is not an independent grant of federal jurisdiction . . . so dismissal of the underlying claims requires dismissal of the claim for declaratory relief as well.") (citations omitted).

### III. Conclusion

For the reasons stated herein, Payless's Motion (dkt. no. 10) to Dismiss is GRANTED, and the complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge